UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ROBERT REINHARDT, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No.  8:24-cv-406 |
| EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION, LLC, and SUNCOAST CREDIT UNION, | ) ) ) ) ) |
|     Defendants. | ) ) |

## PLAINTIFF'S COMPLAINT AT LAW

Plaintiff, ROBERT REINHARDT ("Plaintiff"), by and through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS INC., TRANS UNION, LLC, and SUNCOAST CREDIT UNION ("Experian," "Trans Union" and "Suncoast" respectively and "Defendants" collectively):

### INTRODUCTION

1. Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and Regulation V, 12 C.F.R. part 1022.

### JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq.*, and pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a natural person residing in the City of Spring Hill, Hernando County, State of Florida.

5. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

6. Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the state of Florida.

7. Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the state of Florida.

8. At all relevant times Defendants Experian, Trans Union and Equifax were each a "consumer reporting agency" as that term is defined by the FCRA.

9. Defendant Suncoast regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the state of Florida.

10. Defendant Suncoast is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

11. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

12. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

13. Defendants Experian and Trans Union have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

14. The inaccurate information which Plaintiff complains is accounts, or trade-lines, that reflect Plaintiff's history of credit, named: Suncoast.

15. In or around June 2023, Plaintiff sent a written dispute to Defendants Experian, Trans Union informing it of the inaccurate reporting of the Tradelines.

16. Plaintiff's written dispute letter explained that his account with Suncoast is not secured.

17. Plaintiff requested that Defendants Experian and Trans Union Equifax correct the inaccuracy.

18. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

19. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20. Upon information and belief, Defendants Experian and Trans Union notified Defendant Suncoast of Plaintiff's dispute and the nature of the dispute.

21. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Experian and Trans Union, Defendant Suncoast received notification from Defendants Experian and Trans Union of Plaintiff's dispute and the nature of the dispute.

22. Upon information and belief, Defendants Experian and Trans Union received the results of Suncoast's investigation as to Plaintiff's dispute.

23. Upon information and belief, Defendants Experian and Trans Union updated the reporting

of the account at issue solely based upon the information it received from Defendant Suncoast in response to Plaintiff's dispute.

24. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

25. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

27. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

    e. Decreased credit score which may result in inability to obtain credit on future

attempts.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

28. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint at Law as the allegations in Count I of Plaintiff's Complaint at Law.

29. Pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681e, Experian is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

30. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual

and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, ROBERT REINHARDT, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT

31. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint at Law as the allegations in Count II of Plaintiff's Complaint at Law.

32. Pursuant to 15 U.S.C. §1681e and 15 U.S.C. §1681i, Trans Union is liable to Plaintiff for engaging in the following conduct:

a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by

    Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

  c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

  d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

  e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

33. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, ROBERT REINHARDT, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

  a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

  b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

  c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT LENDING POINT VIOLATED THE FAIR CREDIT REPORTING ACT

34. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-eight (28) of Plaintiff's Complaint at Law as the allegations in Count IV of Plaintiff's Complaint at Law.

35. Defendant Suncoast violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

    b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

36. Suncoast's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Lending Point is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, ROBERT REINHARDT, respectfully requests judgment be entered against Defendant, SUNCOAST CREDIT UNION for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 13, 2024     By: /s/ Shireen Hormozdi Bowman
    Shireen Hormozdi Bowman
    FL SBN: 0882461
    Hormozdi Law Firm, LLC
    1770 Indian Trail Lilburn Road, Suite 175
    Norcross, GA 30093
    Tel: 678-395-7795
    Fax: 866-929-2434
    shireen@agrusslawfirm.com
    shireen@norcrosslawfirm.com
    Attorney for Plaintiff